```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

BARRY E. MILLER,

       Plaintiff,

vs.                          No. 06-2315-B/V

J.D. CODE, et al.,

       Defendants.

ORDER OF DISMISSAL

On May 16, 2006, Plaintiff Barry E. Miller,[1] filed this pro se complaint pursuant to 42 U.S.C. § 1983. Miller filed a motion to proceed in forma pauperis. Because Plaintiff was released from prison before his case was screened and the filing fee was assessed,[2] the information provided in Plaintiff's affidavit was insufficient to permit the Court to conclude that he was unable to pay the civil filing fee. The Court issued an order on February 28, 2007 directing Plaintiff, within thirty (30) days, to file a

---

[1] At the time Miller commenced this action, he was an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee. Miller was released from prison on July 10, 2006, and notified the Clerk of a new address in one of his other cases, Miller v. Cooper, No. 06-2368-D/P (W.D. Tenn.).

[2] Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997).

nonprisoner in forma pauperis affidavit or pay the $350 civil filing fee.[3]

Plaintiff has not complied with, or otherwise responded to, the February 28, 2007 order, and the time set for compliance has expired.  The order provided, in pertinent part, that "[f]ailure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 02/28/07 Order at 2. The Court therefore DISMISSES the complaint without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 18th day of April, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[3] The Clerk mailed Miller a nonprisoner affidavit on March 1, 2007. Neither the Court's order or the affidavit have been returned by the United States Postal Service for any reason.